UNITED STATES of America,
Plaintiff–Appellee,

v.

**Paul Edward RHEA, also known as Carlos Olmedo, also known as Country, Defendant–Appellant.**

No. 03–30204
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 22, 2003.

Cristina Walker, Assistant US Attorney, Shreveport, LA, for Plaintiff–Appellee.

Christopher Albert Aberle, Mandeville, LA, for Defendant–Appellant.

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:*

Paul Edward Rhea, a/k/a Carlos Olmedo, a/k/a Country, appeals his sentence following a guilty plea for distribution of five grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Rhea argues that under the reasoning of *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), his base offense level for sentencing purposes should have been determined with reference only to the drug quantity alleged in count one of his indictment, the count to which he pleaded guilty. Rhea acknowledges that his argument is foreclosed by this court's precedent but raises it to preserve the issue for possible Supreme Court review.

Rhea does not dispute that his 135–month prison term and five-year term of supervised release are within the statutory maximum for his offense. *See* 21 U.S.C. § 841(b)(1)(B)(viii); 18 U.S.C. §§ 3559(a)(2), 3583(b)(1). Because Rhea's sentence is within the statutory maximum, *Apprendi* is not implicated. *See United States v. Fort*, 248 F.3d 475, 483 (5th Cir. 2001) (*Apprendi* not implicated where sentence was within relevant range for drug quantity alleged in indictment and stipulated to by defendant). This court "has expressly rejected the argument that *Apprendi* applies to enhancements based upon the sentencing guidelines, whether tied to quantity or some other relevant fact, which do not cause the sentence to exceed the statutory range." *United*

*States v. Clinton*, 256 F.3d 311, 314 (5th Cir.2001) (jury trial).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.